## HARVEY SETTEL, RESPONDENT, v. PUBLIC SERVICE RAILWAY, APPELLANT.

Submitted December 8, 1919—Decided March 1, 1920.

A District Court judge, sitting as a jury, said he was not satisfied of the defendant's negligence, and then added: "In view of that fact I am going to enter a nonsuit in this case on the ground that the plaintiff was guilty of contributory negligence." *Held*, that this was a finding of contributory negligence and entitled the defendant to final judgment.

On appeal from the Supreme Court, whose opinion is reported in 93 *N. J. L.* 121.

For the appellant, *Lefferts S. Hoffman, Leonard J. Tynan* and *George II. Blake*.

The opinion of the court was delivered by

SWAYZE, J. The trial judge said that he was not satisfied by a fair preponderance of the evidence of the negligence of the defendant and then added, "In view of that fact I am going to enter a nonsuit in this case on the ground that the plaintiff was guilty of contributory negligence." We think

this amounted to a finding that the plaintiff was guilty of contributory negligence. This finding not only came later than the finding that there was a lack of proof of negligence on the part of the defendant, but is inconsistent with that finding. Contributory negligence by the plaintiff cannot exist unless there was negligence on the part of the defendant to which the plaintiff's negligence contributed. A finding of contributory negligence necessarily and logically results in a judgment for the defendant, not in a nonsuit. There may be, as the Supreme Court says, cases in which the court may enter a nonsuit on its own motion, but there must be a reason for such action. It would be intolerable for the court, sitting as a jury, without suggestion on the part of counsel or the court, that any reason existed for a nonsuit, to allow a nonsuit, and thus deprive the parties of the judgment to which the findings of the court entitled them. The very fact that the court proceeded to announce its findings of fact demonstrates that no reason existed for a nonsuit. This case is not within section 167 of the District Court act. That applies only where sufficient proof is not given entitling either plaintiff or defendant to the judgment of the court. In this case proof satisfactory to the judge was given of contributory negligence and that entitled the defendant to final judgment. The failure to enter the judgment which the finding required was error.

For this error let the judgment be reversed and the record remitted in order that judgment final may be entered in favor of the defendant. As this disposes of the case, the defendant is entitled to costs.

We think it well to call attention to the mere slip in the opinion of the Supreme Court which might work mischief if allowed to pass unnoticed. The opinion says the granting of a nonsuit is "an act of judicial discretion." This is incorrect. The parties are entitled as of right, not of discretion, to the judgment to which the finding, the equivalent of a verdict, entitled them. We are not here concerned with a nonsuit for failure to bring on the case or for default in pleading. In case of a voluntary nonsuit submitted to by

the plaintiff, it is his right if applied for at the proper time; it was not in this case. As to a nonsuit for failure of proof that is the defendant's right if he asks for it.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ. 12.